```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      HUNTINGTON
```

**GILBERT SPURLOCK,**

    **Plaintiff,**

v.                                              CASE NO. 3:09-cv-00035
                                                (Lead)

**COLONEL DANA R. HURST and**
**U.S. ARMY CORPS OF ENGINEERS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is the lead case of numerous cases filed by this *pro se* plaintiff, all of which concern a dispute between Plaintiff and a hotel relating to a charge on a U.S. government credit card. In a prior case filed by Mr. Spurlock, the presiding District Judge, the Hon. Robert C. Chambers, characterized the facts of the case as follows:

> Plaintiff seeks reimbursement from the Army Corps of Engineers ("the Corps") for charges to his Bank of America credit card, which he believes were wrongly assessed by a hotel after his departure following a work-related stay. The card was issued to him for payment of travel expenses when his work required him to stay in a hotel or motel. The Corps regularly reimbursed him for travel expenses charged to the card. This dispute arose when a Ramada [Inn] continued to charge the card for twelve days after Plaintiff allegedly checked out. [FN 1: The parties agree that Plaintiff left the hotel, but there is disagreement as to whether he properly checked out or left items in his room.] Plaintiff argues that the Corps should pay these charges in addition to significant late fees he has accumulated in the interim. Plaintiff has now exhausted his administrative remedies through a

decision of the Board of Contract Appeals, which concluded that the ongoing dispute was a private one between Plaintiff and the hotel.

Spurlock v. U.S. Army Corps of Engineers, No. 3:02-cv-00404 (S.D. W. Va. Feb. 3, 2004). This dispute has been continuing since June of 2000. Plaintiff contends that the Corps wrongfully garnished his wages to pay the disputed hotel bills and late fees. Although this dispute is essentially between Mr. Spurlock, and the hotel and the issuer of the credit card (Bank of America), Mr. Spurlock has relentlessly and unsuccessfully pursued litigation against the Corps of Engineers.

Present Litigation

Mr. Spurlock filed a complaint in the magistrate courts of virtually all of the counties in West Virginia, which reads as follows:

> The above-named plaintiff, or Gilbert Spurlock, on behalf of the plaintiff acting in the capacity of pro se, alleges the following as true and accurate: Illegal garnishee, no federal court order or state laws obeyed, refuse to tell me what bill I owed and what I received for 1093.76 and where charges occured. An e-mail, no pretrial or notification of rights is not legal. Falsifying documents return $5,000.00 garnishee, interest, mail, certified letters, late fees now exceeds. Demand where charges occured and what I received in return. Present suggest of wages form.
> /s/ Gilbert L. Spurlock     Date: 12-17-08
> As plaintiff in the above action, I wish to have a jury trial. Yes
> Have 70% PTSD. Have 100% cancer.

When the United States removed each case to the respective United States District Court, the government acted pursuant to 28

U.S.C. § 1442(a)(1), which reads as follows:

> (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . ..

<u>Pending Motion</u>

Pending before the court is the motion to dismiss filed by the United States of America (docket # 130), supported by a memorandum (# 131). The government's motion asserts sovereign immunity and the doctrine of derivative jurisdiction. Plaintiff filed a response (# 157), and the United States filed a reply (# 158).

**Sovereign Immunity**

It is well-established by decisions of the Supreme Court of the United States and numerous circuit courts of appeal that the United States, its agencies and its officers are protected against suit by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). A suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," <u>Land v. Dollar</u>, 330 U.S. 731, 738 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." <u>Larson v. Domestic & Foreign Corp.</u>, 337 U.S.

682, 704 (1949). Plaintiff's suits against the U.S. Army Corps of Engineers are suits against the sovereign which seek reimbursement for monies offset from Plaintiff's paycheck, attributable to the credit card dispute. Thus Plaintiff is seeking judgment which would be paid from the public treasury, and which would compel the Corps of Engineers to act.

Plaintiff's suits against the Colonel of the Huntington District of the Corps of Engineers are suits against a federal official for acts performed within his official capacity and amounts to an action against the sovereign. See Southern Soq, Inc. v. Roland, 644 F.2d 376, 380 (5th Cir. 1981).

Plaintiff has failed to allege in his complaints that the United States has consented to be sued or otherwise waived sovereign immunity. As noted above, Plaintiff litigated his claim before the Board of Contract Appeals, which ruled that his dispute is a private one between himself and the hotel.

Plaintiff's response addresses the credit card dispute, contains information about his family's income, and raises questions about payment of filing fees. The latter information appears to be in response to Chief Judge Goodwin's denial of Plaintiff's application to proceed on appeal *in forma pauperis* (# 144).

The government's reply reiterates its position that there has been no waiver of sovereign immunity, and the court lacks subject

4

matter jurisdiction because the state magistrate courts never had jurisdiction (# 158).

The undersigned proposes that the presiding District Judge **FIND** that the United States, its agencies and employees are protected by sovereign immunity from the suits filed by Gilbert Spurlock in the magistrate courts of West Virginia.

### Doctrine of Derivative Jurisdiction

The doctrine of derivative jurisdiction holds that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382 (1922).

Plaintiff has previously been instructed in his prior litigation against the Corps of Engineers that state courts do not have jurisdiction over disputes involving the United States, its agencies and employees. In each of those cases, the government's motion to dismiss was granted, and the dismissal was upheld on appeal. Spurlock v. Casto, No. 3:07-cv-00750 (S.D. W. Va. Sept. 16, 2008), aff'd, No. 08-2193 (4th Cir. Jan. 21, 2009); Spurlock v. U.S. Army Corps of Engineers, No. 3:07-cv-00643 (S.D. W. Va. Aug. 21, 2008), aff'd, No. 08-2064 (4th Cir. Jan. 21, 2009); Spurlock v. Leal, No. 3:07-cv-00749 (S.D. W. Va. Sept. 16, 2008), aff'd, No.

08-2183 (4th Cir. Jan. 21, 2009).

The undersigned proposes that the presiding District Judge **FIND** that the West Virginia magistrate courts lacked jurisdiction over the United States, its agencies and employees and thus the doctrine of derivative jurisdiction requires that the removed suits be dismissed for lack of subject matter jurisdiction.

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss (# 130) be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

   August 11, 2009  
       Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge